THIS WILL ACKNOWLEDGE RECEIPT OF YOUR REQUEST FOR AN INFORMAL OPINION OF THE ATTORNEY GENERAL, WHEREIN YOU SUBMIT THE FOLLOWING QUESTION:
 1. IN ESTABLISHING THE MONTHLY PREMIUM AMOUNTS CHARGED AN EMPLOYEE WHO PARTICIPATES IN THE HEALTH INSURANCE PLAN, IS THE STATE AND EDUCATION EMPLOYEES GROUP INSURANCE BOARD LAWFULLY AUTHORIZED TO SEPARATELY RATE EMPLOYEES AND THEIR DEPENDENTS WHO ARE NOT CURRENTLY EMPLOYED BY A PARTICIPATING EMPLOYER AND WHO DO NOT PARTICIPATE IN MEDICARE FROM EMPLOYEES AND THEIR DEPENDENTS WHO ARE CURRENTLY EMPLOYED BY A PARTICIPATING EMPLOYER?
BECAUSE YOUR REQUEST CAN BE ANSWERED BY RELYING ON EXISTING ATTORNEY GENERAL OPINIONS AND CASE LAW, A FORMAL ATTORNEY GENERAL'S OPINION IS NOT NECESSARY.
THE STATE EMPLOYEES GROUP INSURANCE ACT IS FOUND IN TITLE 74 O.S. 1301 (1981) ET SEQ. TITLE 74 O.S. 1302 (1981) PROVIDES:
 "IT IS HEREBY DECLARED THAT THE PURPOSE OF THIS ACT IS. . . .
 (B) TO ENABLE THE STATE TO ATTRACT AND RETAIN QUALIFIED EMPLOYEES BY PROVIDING HEALTH, DENTAL AND LIFE INSURANCE BENEFITS SIMILAR TO THOSE COMMONLY PROVIDED IN PRIVATE INDUSTRY;
 (E) TO RECOGNIZE LONG AND FAITHFUL SERVICE AND TO ENCOURAGE EMPLOYEES TO REMAIN IN STATE SERVICE UNTIL ELIGIBLE FOR RETIREMENT BY PROVIDING HEALTH, DENTAL AND LIFE INSURANCE BENEFITS FOR EMPLOYEES."
TITLE 74 O.S. 1316.2(1) PROVIDES:
 (TEXT OF STATUTE . . . UNDERLINE SECTION: SUCH VESTED EMPLOYEES OTHER THAT EDUCATION EMPLOYEES WHO HAVE TERMINATED SERVICE AND ARE NOT RECEIVING PENSION BENEFITS SHALL PAY UP TO THE FULL COST OF SAID INSURANCE AT THE RATE AND PURSUANT TO THE TERMS AND CONDITIONS ESTABLISHED BY THE BOARD. (EMPHASIS ADDED)
"TITLE 74 O.S. 1321 (1980) PROVIDES, IN PERTINENT PART:
 "THE BOARD HALL HAVE THE AUTHORITY TO DETERMINE ALL RATES ND LIFE, DENTAL AND HEALTH BENEFITS. ALL RATES SHALL BE COMPILED IN A COMPREHENSIVE SCHEDULE OF BENEFITS. THE SCHEDULE OF BENEFITS SHALL BE AVAILABLE FOR INSPECTION DURING REGULAR BUSINESS HOUR THAT THE OFFICE OF THE STATE AND EDUCATION ON EMPLOYEES GROUP INSURANCE BOARD. THE BOARD FURTHER HALL HAVE THE AUTHORITY TO ADJUST THE RATES AND BENEFIT WARRANTED, BASED ON CLAIM EXPERIENCE."
IT IS OUR UNDERSTANDING THAT THERE IS SOME CONCERN THAT SOME FEDERAL LAW MIGHT AFFECT THE STATE INSURANCE BOARD'S ABILITY TO SEPARATELY RATE CURRENT AND FORMER EMPLOYEES. WHILE WE CANNOT CERTIFY THAT NO FEDERAL LAW EXISTS ON THIS SUBJECT, IT APPEARS THAT THE MOST WELL-KNOWN FEDERAL ACT ON EMPLOYEE BENEFITS DOES NOT.
TITLE 29 U.S.C.A. 1001 ET SEQ. DELINEATES THE PROVISIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA). HOWEVER, STATE PLANS ARE EXEMPTED FROM THIS ACT. TITLE 29 U.S.C.A. 1003(B) PROVIDES THAT THE PROVISIONS OF THIS SUBCHAPTER SHALL NOT APPLY TO AN EMPLOYEE BENEFIT PLAN IF SUCH PLAN IS A GOVERNMENTAL PLAN. THE TERM GOVERNMENTAL PLAN MEANS PLAN ESTABLISHED OR MAINTAINED FOR ITS EMPLOYEES BY THE GOVERNMENT OF THE UNITED STATES, BY THE GOVERNMENT OF ANY STATE OR POLITICAL SUBDIVISION THEREOF, OR BY ANY AGENCY OR INSTRUMENTALITY OF ANY OF THE FOREGOING. TITLE 29 U.S.C.A. 1002(32).
THE ONLY REMAINING ISSUE WOULD BE ANY STATE LEGISLATIVE IMPEDIMENT WHICH WOULD PREVENT THE STATE BOARD FROM SEPARATELY RATING PAST AND CU.RENT EMPLOYEES. A QUESTION SIMILAR TO YOURS AROSE IN A.G. OPIN. NO. 80-091 (JUNE 17, 1980). IN THAT OPINION THE ATTORNEY GENERAL RULED THAT THE INSURANCE CODE FOR PRIVATE COMMERCIAL CARRIERS FOUND IN TITLE 36 OF THE OKLAHOMA STATUTES DOES NOT REGULATE THE OKLAHOMA GROUP HEALTH LIFE INSURANCE BOARD. THIS OPINION FURTHER STATED THAT THE BOARD COULD ADOPT NECESSARY AND PROPER RULES FOR PROCEDURAL AND SUBSTANTIVE ADMINISTRATION OF THE BOARD WHICH MAY BE MORE RESTRICTIVE THAN THE STATUTORY ENACTMENTS FOUND IN TITLE 36. A COPY OF THIS OPINION IS ATTACHED TO THIS LETTER.
IT IS WELL SETTLED THAT LEGISLATION WILL BE INTERPRETED ACCORDING TO ITS PLAIN AND ORDINARY MEANING. NIKKEL V. STIFEL. NICOLAUS CO. INC., 542 P.2D 1305 (OKLA. 1975). IT IS WITH THESE PRINCIPALS IN MIND THAT WE MUST NOW ADDRESS YOUR QUESTION.
TITLE 74 O.S. 1316.2(1) CLEARLY PROVIDES THAT VESTED EMPLOYEES (OTHER THAN EDUCATION EMPLOYEES) WHO HAVE TERMINATED SERVICE MUST PAY THE FULL CO T OF THE INSURANCE AT THE RATE AND PURSUANT TO THE TERMS AND CONDITIONS WHICH ARE ESTABLISHED BY THE BOARD. TITLE 74 O.S. 1321 PROVIDES SIMILAR, BUT SEPARATE STATUTORY AUTHORITY TO SET RATE FOR OTHER STATE EMPLOYEES.
IT IS THEREFORE, MY OPINION, BASED UPON THE QUESTION PRESENTED IN YOUR LETTER OF APRIL 22, 1991, THAT THE STATE AND EDUCATION EMPLOYEE'S GROUP INSURANCE BOARD IS LAWFULLY AUTHORIZED TO SEPARATELY RATE EMPLOYEES AND THEIR DEPENDENT WHO ARE NOT CURRENTLY EMPLOYED BY A PARTICIPATING EMPLOYER AND WHO DO NOT PARTICIPATE IN MEDICARE FROM EMPLOYEES ND THEIR DEPENDENTS WHO ARE CURRENTLY EMPLOYED BY A PARTICIPATING EMPLOYER.
(THOMAS C. RIESEN)